## HUMPHREYS COUNTY *v.* HOUSTON COUNTY.

PRACTICE IN THE SUPREME COURT. *Appeal.* Bill for the restoration of a portion of Humphreys County, alleged to have been improperly included within the limits of Houston County. Final decree, December 11, 1873, granting partial relief, and reserving the right to complainant to apply for the reinstatement of an injunction, previously disallowed, during the pendency of the appeal taken by Houston County from the decree, and a decree on the day following, granting the application, from which Houston County appealed. A motion here to dismiss the latter appeal is denied, the Court holding that the second decree was a part, of the first, which was vacated by the appeals taken therefrom, thereby leaving the former interlocutory decree dissolving the injunction in full force.

### FROM HUMPHREYS.

Appeal from the Chancery Court.     G. H. NIXON, Chancellor.

H. M. McADOO for complainant.

W. H. BROADUS and J. O. SHACKLEFORD for defendant.

NICHOLSON, C. J., delivered the opinion of the Court.

Humphreys County filed a bill against Houston County, alleging that in its organization and establishment a portion of the territory of Humphreys County is included within the boundaries of Houston County, and seeking to have the territory so illegally taken restored.

The Chancellor made a final decree in the cause, granting, in part, the relief prayed for, and reserving to Humphreys County the right to apply to have the injunction which had been disallowed reinstated during the pendency of an appeal. Houston County appealed from this final decree, which was entered on the 11th of December, 1873.

In pursuance of the consent of parties, Humphreys County applied by petition, on the 12th of December, 1873, to have the injunction restored, to operate pending the appeal to this Court, which had been prayed from the final decree of the 11th December, 1873. This application was granted, and the injunction was restored to operate during the pendency of the cause in this Court. From that order, restoring the injunction, Houston County then appealed.

The motion now is to dismiss the appeal from the decree restoring the injunction.

If this order was, in fact, an interlocutory decree, then the granting of an appeal from it was erroneous. But we are of opinion that it must be regarded as part of the final decree in the cause, and so regarded, the motion to dismiss must be refused. The appeals vacated the entire final decree, including that made on the 11th of December, and that made on the 12th of December, and left the former interlocutory decree dissolving the injunction in full force. It follows that during the pendency of the cause in this Court, the jurisdiction of Houston County in the territory in controversy will be in force.